IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN GILLEN STARR,

    Petitioner,                           No.  2:12-cv-0083 KJN P

   vs.

STATE OF CALIFORNIA, et al.,

    Respondents.                     ORDER

_____/

        Petitioner is a state prisoner proceeding in forma pauperis and without counsel. On April 25, 2012, petitioner's application for writ of habeas corpus was dismissed, and petitioner was granted thirty days in which to file an amended petition.  On May 16, 2012, petitioner filed an amended petition,[1] and on May 21, 2012, petitioner filed a motion to dismiss the criminal charges underlying his 1994 conviction in Sacramento County Superior Court. The amended petition was not filed on the court's form, and petitioner included a laundry list of alleged errors in the underlying criminal action, including false arrest, insufficient evidence,

---

[1] Petitioner is pursuing habeas relief as to his Yolo County conviction in Starr v. State of California, Case No. 2:12-cv-0457 KJN P.  Despite the court's April 25, 2012 order informing petitioner that he could only allege claims concerning the Sacramento County conviction in this action, petitioner included claims related to the Yolo County conviction in his amended petition. The court disregards petitioner's Yolo County claims in the present case, as they will be addressed in Case No. 2:12-cv-0457 KJN P.

illegal search and seizure, and double jeopardy, among others. However, the filing is largely unintelligible. For this reason, the amended petition is dismissed with leave to amend. Petitioner must file any second amended petition on the court's form and set forth specific claims for relief he is seeking. As previously ordered, petitioner may raise only those claims pertinent to the Sacramento County conviction. Petitioner should omit any claims related to the Yolo County conviction.

Finally, petitioner's motion to dismiss all charges is denied. This court does not have jurisdiction to dismiss charges underlying a state court conviction. Petitioner's relief sounds in habeas, under 28 U.S.C. § 2254. If petitioner is granted relief, the court is limited to granting the habeas petition. However, at this time, it is unclear whether petitioner can state a cognizable habeas claim for relief. Indeed, because petitioner is attempting to challenge a 1994 conviction, the petition appears on its face to be time-barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code, with some exceptions, provides for a one year statute of limitations period. Because petitioner was convicted in 1994, the one year period began to run on April 24, 1996, the effective date of the statute. State prisoners whose convictions became final prior to the enactment of the AEDPA have a one-year "grace period" in which to file a habeas petition, ending on April 24, 1997. Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001).[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended petition for writ of habeas corpus (Dkt. No. 10), is dismissed; failure to file a second amended petition pursuant to this order will result in a recommendation that this action be dismissed;

////

---

[2] This deadline may also be subject to statutory and equitable tolling provisions.

2

2. Petitioner is granted thirty days from the date of this order to file a second amended petition containing only the claims challenging his Sacramento County conviction, and using the court's form;

3. The Clerk of the Court is directed to send petitioner the form for filing a habeas corpus petition pursuant to 28 U.S.C. § 2254; and

4. Petitioner's May 21, 2012 motion to dismiss (Dkt. No. 11) is denied.

DATED: May 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

star0083.lta2