IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN GILLEN STARR,

      Petitioner,                    No. 2:12-cv-0083 KJN P

    vs.

STATE OF CALIFORNIA, et al.,

      Respondents.               ORDER

_____/

        On May 31, 2012, this court granted petitioner thirty days within which to file a Second Amended Petition for Writ of Habeas Corpus, containing only the claims that challenge his Sacramento County conviction. Petitioner was instructed to use the court's form, and informed that failure to comply with the court's order would result in a recommendation that this action be dismissed. (See Dkt. No. 12.)

        In response, petitioner filed four documents variously seeking an extension of time, appointment of counsel, and discovery, and voicing objections to the court's last order. (See Dkt. Nos. 13-16.) Petitioner's discovery motion is premature, and his claim of innocence throughout his filings can be addressed by this court pursuant only to a properly-filed federal habeas corpus petition that also demonstrates petitioner has exhausted each claim in the state courts.

Petitioner is informed that there is no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  While 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require," see Rule 8(c), Fed. R. Governing § 2254 Cases, the court does not find that the interests of justice would be served by the appointment of counsel in this case at the present time.  However, petitioner's request for appointment of counsel will be denied without prejudice.

Petitioner's request for a sixty-day extension of time, to file a Second Amended Petition for Writ of Habeas Corpus is granted.  The court emphasizes, however, that petitioner's current filings, like his prior filings, are very difficult to read and decipher.  Plaintiff is informed that his Second Amended Petition must be legible and set forth on this court's habeas corpus form.  See Rule 2(c)(4) of the Rules Governing Section 2254 Cases ("The petition must . . . be printed, typewritten, or legibly handwritten"); Sawyer v. Unknown, 2009 WL 136856, *1 (E.D. Cal. 2009) (dismissing without prejudice an amended petition that, like the original petition, was illegible, noting that "because the court cannot read the petition, it cannot proceed to review it").

For these reasons, IT IS HEREBY ORDERED that:

1. Petitioner's objections (Dkt. No. 14) to the court's May 31, 2012 order, are overruled;

2. Petitioner's motion to compel discovery (Dkt. No. 15), is denied as premature;

3. Petitioner's requests for appointment of counsel (Dkt. Nos. 13, 16), are denied without prejudice to renewal of the motion at a later stage of the proceedings;

4. Petitioner's request for a sixty-day extension of time (Docket No. 13), within which to file a Second Amended Petition for Writ of Habeas Corpus, is granted;

5. Petitioner shall file, within sixty (60) days after the filing date of this order, on the form used by this court, a Second Amended Petition for Writ of Habeas Corpus;

6. Petitioner's failure to timely file a legible Second Amended Petition for Writ of Habeas Corpus, on the form used by this district, will result in a recommendation that this

action be dismissed; and

      7. The Clerk of Court is directed to send petitioner a blank form used in this district for filing a habeas corpus petition pursuant to 28 U.S.C. § 2254.

DATED: June 19, 2012

                                                  /s/ Kendall J. Newman  
                                                  KENDALL J. NEWMAN  
                                                  UNITED STATES MAGISTRATE JUDGE

star0083.110+111+misc.