IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN GILLEN STARR,

    Petitioner,           No.  2:12-cv-0083 KJN P

    vs.

STATE OF CALIFORNIA, et al.,

    Respondents.       ORDER

_____/

        Petitioner is a state prisoner proceeding without counsel or "pro se" with a Second Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed July 2, 2012. The petition was filed in response to this court's order filed May 31, 2012, directing petitioner to file an amended petition in proper form, limited to petitioner's challenges to his Sacramento County conviction (petitioner challenges his Yolo County conviction in a separate action, in Case No. 2:12-cv-0457 KJN P).

        The Second Amended Petition borders on incoherence -- it appears to challenge a four-year sentence imposed in 1994, for which petitioner claims he already has "a granted writ right now!  9/16/2011 endorsed for release!"  (Dkt. No. 18 at 1, 2.)  Moreover, the petition fails to indicate any review of petitioner's claims by the California Supreme Court.

////

The exhaustion of state court remedies is a prerequisite for filing a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting those claims to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). A state court has had an opportunity to rule on the merits of a claim if that claim was fairly presented, that is, the petitioner described the operative facts and legal theory on which the claim is based. Picard, 404 U.S. at 277-78. It is generally "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Rather, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63; Picard v. Connor, 404 U.S. at 271; see also Duncan v. Henry, 513 U.S. 364, 365 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court").

This court may not consider a petition for writ of habeas corpus unless the petitioner has exhausted his state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1).

For these reasons, the Second Amended Petition must be dismissed, and petitioner will be accorded a final opportunity to submit a clearly-worded petition demonstrating exhaustion of each of petitioner's claims in the state courts.

The court further notes that petitioner has filed several motions in this action that must be denied as frivolous and/or untimely. Absent a cognizable petition, and the filing of briefs contemplated by the Rules Governing Section 2254 Cases (viz., a petition, an answer and reply, or a motion to dismiss and opposition), there is no basis for considering petitioner's myriad

discovery and sanctions requests. Petitioner is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive frivolous motions in a pending action. DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989). Sanctions may include dismissal of petitioner's action. See Fed. R. Civ. P. 11;[1] Local Rules 110,[2] 183(a).[3]

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Second Amended Petition (Dkt. No. 18), is dismissed with leave to file a Third Amended Petition within twenty-one (21) days after service of this order, that complies with the requirements set forth herein.

2. The following motions are denied without prejudice:

    a. Petitioner's motion to compel discovery (Dkt. No. 19);

    b. Petitioner's motion to produce documents (Dkt. No. 20);

    c. Petitioner's motion for an order directing respondents to show cause and for a permanent injunction (Dkt. No. 21);

    d. Petitioner's motion for an order dismissing the criminal action against petitioner (Dkt. No. 25); and

    e. Petitioner's motion for default judgment (Dkt. No. 26).

////

---

[1] Fed. R. Civ. P. 11(c) authorizes the imposition of sanctions for conduct by counsel "or unrepresented party" that includes the submission of written matters "presented for any improper purpose, such as to harass . . . ."

[2] Local Rule 110 provides in full: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

[3] Local Rule 183(a) provides in pertinent part: "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."

3. With the exception of a Third Amended Petition, petitioner shall file no other documents or motions in this action without first obtaining the permission of this court; failure to abide by this directive may result in the dismissal of this action.

4. The Clerk of Court is directed to send petitioner, with service of this order, a blank copy of the form entitled, "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody."

SO ORDERED.

DATED: August 27, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

star.0083.admon.