1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBIN GILLEN STARR,

11            Petitioner,                No. 2:12-cv-0083 KJN P

12      vs.

13   STATE OF CALIFORNIA, et al.,        ORDER AND

14            Respondents.               FINDINGS & RECOMMENDATIONS

15   _____/

16   I. Introduction

17            Petitioner is a state prisoner proceeding without counsel and in forma pauperis.

18   Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

19   Petitioner challenges his 1994 conviction.  (Dkt. No. 34 at 2.)  Respondent filed a motion to

20   dismiss this action because petitioner has not been in custody for the 1994 conviction since he

21   was discharged from parole on December 17, 1999.  (Dkt. No. 43.)  Petitioner filed an

22   opposition, and respondent filed a reply.[1]  For the reasons set forth below, the motion to dismiss

23   should be granted, and petitioner's pending motions and requests are denied.

24   _____

25        [1] On March 4, 2013, petitioner filed a second opposition.  (Dkt. No. 52.)  Local Rule
     230(l) contemplates the filing of a motion, an opposition, and a reply.  Because petitioner was not
26   directed to file a second opposition, the second opposition is disregarded.

II.  Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").  However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).  "Summary dismissal is appropriate only where the allegations are vague [or] conclusory or palpably incredible, . . . or patently frivolous or false."  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (internal quotations and citations omitted).

III.  Analysis

A.  Procedural History

On May 6, 1994, in Sacramento County Superior Court, petitioner pled guilty to one count of robbery, and admitted a prior prison term for a 1993 Yolo County burglary conviction.  (Dkt. No. 43 at 5-14.)  Petitioner was informed that the 1994 conviction would violate the parole term he was serving at the time of his arrest.  (Id. at 8.)  In exchange for his guilty plea, petitioner was sentenced to a mid term of three years in state prison based on the 1994 offense, and a one year enhancement based on his prior prison term, for a total of four years in state prison.  (Id. at 13-14.)  Petitioner was committed to state prison on May 11, 1994.  (Id. at 19.)

On May 27, 1996, petitioner was paroled on the 1994 conviction.  (Id.)  Petitioner sustained additional arrests while on parole, and returned to state prison, but was finally discharged from parole on December 17, 1999.  (Id.)

1      On January 11, 2012, petitioner filed the instant action.  (Dkt. No. 1.)  After being

2 granted leave to amend, this action proceeds on petitioner's third amended application.  (Dkt. No.

3 34.)

4      In addition, court records reveal that petitioner subsequently filed an application

5 for a writ of habeas corpus attacking his 2009 Yolo County conviction for unlawful morphine

6 possession, to which he pled no contest.  Starr v. State of California, Case No. 2:12-cv-0457

7 MCE KJN (E.D. Cal.).  (Dkt. No. 92 at 1.)  Petitioner admitted a prior serious or violent felony

8 conviction for sentencing purposes.  (Id.)  Petitioner was sentenced to eight years, and was being

9 held in state custody based on the 2009 conviction as of October 19, 2012.  (Id.)

10      B.  Lack of Subject Matter Jurisdiction

11      Habeas relief shall be granted to a person in custody pursuant to the judgment of a

12 state court only on the ground that the custody violates the Constitution, laws, or treaties of the

13 United States.  28 U.S.C. § 2254.  The "in custody" requirement for a habeas petition pursuant to

14 § 2254(a) is jurisdictional and thus is the first question a habeas court must consider.  Maleng v.

15 Cook, 490 U.S. 488, 490-91 (1989).  The requirement has two aspects:  1) the petitioner must be

16 in custody at the time the petition is filed, and 2) the custody must be under the conviction or

17 sentence under attack at the time the petition is filed.  Id.  A habeas petitioner does not remain "in

18 custody" once the sentence imposed for the conviction has "fully expired."  Id. at 491.

19      The record reflects that petitioner was discharged from parole on December 17,

20 1999; thus, his 1994 conviction expired on December 17, 1999, and petitioner is no longer "in

21 custody" as to the 1994 conviction.  The sentence imposed for the 1994 conviction has long since

22 expired.  Thus, the court lacks subject matter jurisdiction to consider petitioner's claims

23 challenging the validity of his 1994 conviction,[2] and the motion to dismiss should be granted.

24 _____

25      [2]  Petitioner also challenges the validity of his 1994 conviction on the ground that it was
improperly used to enhance his 2009 conviction.  However, that claim is unavailing.  In

26 Lackawanna v. Coss, 532 U.S. 394 (2001), the Supreme Court held that "once a state conviction
is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded

3

IV.  Other Pending Motions

On October 29, 2012, petitioner filed a motion in which he appears to claim that respondents failed to timely respond, and seeks entry of default.  (Dkt. No. 41.)  However, on September 24, 2012, respondents were directed to file a response within sixty days.  (Dkt. No. 35.)  On November 16, 2012, respondents filed a motion to dismiss.  (Dkt. No. 43.)  Because respondents' motion was filed well within the sixty day period, their response was timely, and petitioner's motion is denied.

Petitioner has filed a motion and several requests to vacate or expunge the 1994 conviction.  (Dkt. Nos. 40, 45, 50.)  These filings duplicate the request for relief contained in petitioner's third amended petition.  Therefore, because the court lacks subject matter jurisdiction over the petition, petitioner's motion and requests are denied without prejudice.

V.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is directed to assign a district judge to this case; and

2.  Petitioner's pending motions and requests (dkt. nos. 40, 41, 45, 50) are denied without prejudice; and

IT IS RECOMMENDED that:

1.  Respondents' November 16, 2012 motion to dismiss be granted;

2.  This action be dismissed.

////

---

as presumptively valid."  Id., at 403.  If such a conviction is later used to enhance a criminal sentence, the enhanced sentence cannot be challenged in federal habeas proceedings "on the ground that the prior conviction was unconstitutionally obtained."  Id. at 404.  The Supreme Court has allowed a petitioner to collaterally challenge a prior conviction only "where there was a failure to appoint counsel in violation of the Sixth Amendment."  Lackawanna, 532 U.S. at 404.  Here, the record demonstrates that petitioner was represented by counsel in connection with the 1994 conviction.  (Dkt. No. 43 at 6.)  Because petitioner was represented by counsel in connection with his prior guilty plea, the "failure to appoint counsel" exception does not apply and he is precluded from collaterally attacking the 1994 conviction through a § 2254 petition. See Lackawanna 532 U.S. at 406.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any reply to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 4, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

star0083.mtd

5